IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| CELIA MARTINEZ, and §<br>BELINDA FLORES §<br>§<br>v. §<br>§<br>§<br>DANIEL JOSEPH SCHAEFER, §<br>THE UNITED STATES OF AMERICA, §<br>and U.S. CUSTOMS AND §<br>BORDER PROTECTION § | Civil Action No.<br>JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COME NOW Plaintiffs, Celia Martinez ("Martinez") and Belinda Flores ("Flores"), and file this Original Complaint against Defendants Daniel Joseph Schaefer ("Schaefer"), The United States of America ("USA"), and U.S. Customs and Border Protection ("Border Patrol"), and would show the Court as follows:

### A. PARTIES AND SERVICE

1. Plaintiff, Celia Martinez, is an individual and resident of Laredo, Webb County, Texas.

2. Plaintiff, Belinda Flores, is an individual and resident of Laredo, Webb County, Texas.

3. Defendant, Daniel Joseph Schaefer, an individual and a citizen of the State of Texas, may be served with process at 128 Cimarron Creek, Boerne, Texas 78006, or wherever he may be found.

4.     Defendant, the United States of America may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the Western District of Texas at 111 East Broadway, Room A306, Del Rio, Texas 78840; and by sending a copy of the summons and complaint by certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

5.     Defendant, U.S. Customs and Border Protection, an agency of the United States of America, may be served by serving the United States through delivering a copy of the summons and of the complaint to the United States Attorney for the Southern District of Texas at P.O. Box 1179, Laredo, Texas 78042; and by sending a copy of the summons and complaint by certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

## B. JURISDICTION & VENUE

6.     The incident giving rise to this lawsuit occurred in Webb County, Texas, which is within the geographical confines of the Southern District of Texas. Accordingly, venue is proper in the Southern District of Texas.

7.     The Court has jurisdiction over the lawsuit because the suit arises under 28 U.S.C. §2671 et seq., and Plaintiff's claims have been finally denied by the agency involved.

8.     Venue is proper in this district under 28 U.S.C. §1391(e)(1)(B) because a substantial part of the events and omissions giving rise to the claim occurred in this district.

9. Additionally, this action is based upon the Federal Tort Claims Act of August 2, 1946. 60 Stat 843; USCA, Title 28 §§134(b), 2671, et.seq.

### C. CONDITIONS PRECEDENT

10. A claim was presented by Plaintiffs pursuant to the Federal Tort Claims Act to The U.S. Department of Justice, Department of Homeland Security - Bureau of Citizenship and Immigration Services, Border Patrol, claiming liability for personal injuries sustained by Plaintiffs, Celia Martinez and Belinda Flores, for which this action is commenced and the claims were formally denied.

11. All conditions precedent to the filing of this complaint have been performed and occurred.

### D. FACTS

12. All of the facts and assertions herein are based on information and belief.

13. Plaintiffs suffered severe injuries in a collision when they were struck from behind as a result of the chain collision which began when the Border Patrol vehicle driven by Schaefer, collided into a non-party vehicle. The collision occurred on April 7, 2015, in the 2400 block of Monarch Drive in Webb County, Texas.

14. Schaefer was driving west on Monarch Drive. Schaefer, operating a Border Patrol vehicle and on-duty at the time, failed to control his speed and/or was inattentive when he collided into Miguel Angel Garcia (a non-party) who was stopped behind Plaintiffs at the time of the impact. The collision caused Miguel Angel Garcia's vehicle to be propelled forward, striking Plaintiffs from the rear while they were also properly stopped in observance of the posted stop sign. Plaintiffs were unable to avoid

the collision as they were unaware of the chain of events occurring behind them and were unable to proceed into live traffic when unsafe to do so. After investigating the incident, the police assigned all fault for causing the subject crash to Schaefer's acts/omissions, including the fact that he "failed to control speed."

15. As a result of Schaefer's negligence, Plaintiffs suffered serious personal injuries and damages as set forth in the damages section below.

### E. COUNT 1 - NEGLIGENCE AGAINST SCHAEFER

16. Schaefer had a duty to exercise that degree of care on the occasion in question that a reasonable and prudent person would have exercised under the same or similar circumstances and wholly failed to do so, thus breaching the duty owed to Plaintiffs which proximately caused the occurrence in question and Plaintiffs' resulting injuries and damages.

17. Plaintiffs' injuries were proximately caused by Schaefer's negligent, careless and reckless disregard of this duty. The negligent, careless and reckless disregard of the duty owed to Plaintiffs by Schaefer consisted of, but is not limited to, the following acts and omissions:

   a. In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
   b. In failing to timely apply the brakes to his vehicle in order to avoid the collision in question:
   c. In failing to take proper evasive action and avoid the collision in question;
   d. In failing to control the speed of his vehicle to avoid the collision in question;
   e. In driving at a speed greater than was reasonable and prudent under the circumstances then existing, driving at a speed greater than was reasonable and prudent under the conditions and having regard for actual and potential hazards then existing, failing to control the speed of the vehicle as

    necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care, and/or failing to drive at an appropriate reduced speed when a special hazard existed with regard to traffic, including pedestrians, or weather or highway conditions, in violation of Section 545.351 of the TEXAS TRANSPORTATION CODE, which constitutes negligence and *negligence per se*;

f. In failing to maintain a clear and reasonable distance between the non-party motor vehicle and Schaefer's motor vehicle which would permit Schaefer to bring his motor vehicle to a safe stop without colliding into the non-party motor vehicle, in violation of TEXAS TRANSPORTATION CODE §545.062, which constitutes negligence and negligence *per se*;

g. In failing to maintain attention while driving as a reasonable prudent person would have done; and,

h. In driving his vehicle in willful or wanton disregard for the safety of other persons in violation of §545.401 of the TEXAS TRANSPORTATION CODE, which constitutes negligence and negligence per se.

## **F. COUNT 2 - RESPONDEAT SUPERIOR**

18. At the time of the occurrence of the act in question and immediately prior thereto, Schaefer was acting within the course and scope of employment and discharging his official duties as an agent for Defendants, The United States Of America and the U.S. Customs and Border Protection, Office of Border Patrol.

19. At the time of the occurrence of the act in question and immediately prior thereto, Schaefer was engaged in the furtherance of his official duties for Defendants, The United States Of America and the U.S. Customs and Border Protection, Office of Border Patrol.

20. At the time of the occurrence of the act in question and immediately prior thereto, Schaefer was engaged in accomplishing a task for Defendants, The United States Of America and the U.S. Customs and Border Protection, Office of Border Patrol for which Schaefer was employed.

5

## G. DAMAGES FOR PLAINTIFF – CELIA MARTINEZ

21. As a direct and proximate cause of the occurrence made the basis of this lawsuit, Martinez was caused to and did suffer personal injuries and damages as follows:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Martinez for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

   b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering in the future;

   e. Physical impairment in the past;

   f. Physical impairment which, in all reasonable probability, will be suffered in the future;

   g. Disfigurement in the past;

   h. Disfigurement in the future;

   i. Mental anguish in the past; and,

   j. Mental anguish in the future.

22. These amounts are to be determined by the jury.

## H. DAMAGES FOR PLAINTIFF – BELINDA FLORES

23. As a direct and proximate cause of the occurrence made the basis of this lawsuit, Flores was caused to and did suffer personal injuries and damages as follows:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Flores for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    g.    Disfigurement in the past;

    h.    Disfigurement in the future;

    ii.    Mental anguish in the past; and,

    k.    Mental anguish in the future.

24.    These amounts are to be determined by the jury.

## I. PRAYER

25.    For these reasons, Plaintiffs seek judgment against Defendants, jointly and severally, for the following damages:

    a)    Actual damages in the just and reasonable sum in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

    b)    Prejudgment and post judgment interest at the maximum legal rate;

    c)    Costs of suit; and,

    d)    All other relief the Court deems appropriate.

Respectfully Submitted,

_/s/ Damond K. Garza_
Damond K. Garza
Texas Bar No. 24045925
Federal Bar No. 619843
Email: damond.garza@martinez-law.com

MARTINEZ & ASSOCIATES, PLLC
2828 Goliad Road, Suite 125
San Antonio, Texas 78223
Telephone: (210) 359-8250
Facsimile:  (210) 359-8255

Attorneys for Plaintiffs,
CELIA MARTINEZ and
BELINDA FLORES